UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.05-81115-Civ-Hurley/Hopkins

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHERYL L. LAVENDER,

        Defendant.
_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO COMPEL DEFENDANT TO ATTEND DEPOSITION IN AID OF EXECUTION (DE 4)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiff's Motion to Compel Discovery and to Compel Defendant to Attend Deposition in Aid of Execution to the undersigned for a Report and Recommendation.  (DEs 4, 5).  This Court has before it Plaintiff's Motion to Compel, various status reports filed by Plaintiff, and a letter filed by Defendant.  (DEs 4, 9, 11, 14, 17).  For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion.  (DE 4).

### BACKGROUND AND DISCUSSION

This is an action by the United States to recover on a defaulted HEAL loan by the Department of Health and Human Services.  (DE 4, pg. 1).  On December 30, 1997, Plaintiff obtained a judgment against Defendant in the amount of one hundred nineteen thousand, seven hundred sixteen dollars and ninety-six cents ($119,716.96).  (DE 4, pg. 1 and exh. A).

On January 8, 2009, Plaintiff served Defendant with a Subpoena in a Civil Case for

deposition accompanied by a Request for Production in Aid of Execution, Financial Statements for Business and Individual, and a Tax Information Authorization form.  (DE 4 pg. 2, and exh. B).  Although Defendant's response was due on or about February 9, 2009, and her deposition was scheduled for March 4, 2009, Defendant failed to respond or appear.  (DE 4, pg. 2, and exh. C).  The parties thereafter agreed to an extension of time to May 17, 2009.  (DE 4, pg. 2 and exh. D).  Although Defendant was granted several other extensions, Defendant has still failed to respond to Plaintiff's requests and appear for deposition.  (DE 4, pg. 2).  Plaintiff's motion followed.  (DE 4, pg. 2).

Upon referral of the matter to the undersigned, this Court issued an Order to Defendant to show cause why Plaintiff's Motions should not be granted.  (DE 6).  In response, on or about July 12, 2009, Defendant filed a handwritten letter with the Court, wherein she detailed problems she has encountered with respect to another student loan, apologized for the delay, and asked the Court for an additional two weeks to respond to Plaintiff's requests.  (DE 9).  On August 7, 2009, Plaintiff filed a status report indicating that the requested information had not yet been received.  (DE 11, pgs. 1-2).  Subsequently, on September 18, 2009, in response to an Order by this Court, Plaintiff filed another status report indicating that Plaintiff was still unable to obtain the requested information.  (DE 14, pgs. 1-2).  A supplemental status report filed by Plaintiff on September 28, 2009, indicates that although Plaintiff resent the discovery requests pursuant to Defendant's request, Defendant has yet to comply.  (DE 17, pgs. 1-2).

The burden of showing that the requested discovery is not relevant to the issues in the case rests on the party resisting discovery.  *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001) (*citation omitted*).  Defendant

has failed to meet such burden.  Moreover, in light of Defendant's repeated failures to comply with Plaintiff's requests, this Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion.

*See* Fed. R. Civ. P. 26(b)(1) (2009) (providing that "[parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter" ); Fed. R. Civ. P. 69 (a)(2) (2009) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located."); Fla. R. Civ. P. 1.280(b) (2009) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.")

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern

3

District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 22 day of October, 2009, at West Palm Beach in the Southern District of Florida.

*/s/ James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
Aloyma M. Sanchez (Counsel for Plaintiff)
Sheryl L. Lavender, (Defendant, *pro se*)